IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOMMIE L. CARTER,

 Plaintiff,

v.

PATRICK C. HOOPER
and BRENT H. EXNER,

 Defendants.

ORDER

Case No. 16-cv-54-bbc

---

TOMMIE L. CARTER,

 Plaintiff,

v.

ANTONIO CUMMINGS, ROBERT PICKLE,
JAY VANLANEN and AMY GANDY,

 Defendants.

ORDER

Case No. 16-cv-55-bbc

---

 Plaintiff Tommie L. Carter has submitted a certified inmate trust fund account statement for the six month period preceding the complaint in support of his pending motion to proceed without prepayment of the filing fee in each of the above cases. Accordingly, the court must determine whether plaintiff qualifies for indigent status and, if so, calculate an initial partial payment of the $350.00 fee for each case.

 In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). Using information for the relevant time period from plaintiff's trust fund account statement, I calculate plaintiff's initial partial filing fee to be $1.39 for each case. For these cases to proceed, plaintiff must submit these amounts for each case on or before March 4, 2016.

If plaintiff does not have enough money to make the initial partial payments from plaintiff's regular account, plaintiff should arrange with prison authorities to pay the remainder from plaintiff's release account.

## ORDER

IT IS ORDERED that,

1. Plaintiff Tommie L. Carter is assessed $1.39 as initial partial payments of the $350.00 fee for each case. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $1.39 for each case or advise the court in writing why plaintiff is not able to submit the assessed amount on or before March 4, 2016.

2. If, by March 4, 2016, plaintiff fails to make the initial partial payment(s) or show cause for failure to do so, plaintiff will be held to have withdrawn these actions voluntarily and the cases will be closed without prejudice to plaintiff's filing the cases at a later date.

3. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fees as directed above and the court has screened the complaint as required by the Prisoner Litigation Reform Act, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 12th day of February, 2016.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge