IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE L. CARTER,

                                             OPINION and ORDER

                Plaintiff,

                                              16-cv-54-bbc

    v.

PATRICK C. HOOPER and BRENT H. EXNER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Tommie Carter is a prisoner in the custody of the Wisconsin Department of Corrections. He is proceeding on a claim that defendants Patrick Hooper and Brent Exner used excessive force against him on February 28, 2013, while removing his restraints. Now before the court is defendants' motion for summary judgment grounded on plaintiff's failure to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). Dkt. #43.

In their motion, defendants acknowledge that plaintiff filed a grievance related to the February 28, 2013 incident. However, that grievance was rejected because it was filed in September 2013, several months beyond the 14-day deadline. Wis. Admin. Code § DOC 310.11(5)(d). In response, plaintiff alleges that he tried on multiple occasions to submit a timely grievance after the February 28, 2013 use of force, but prison officials either refused to help him submit the grievance or, when he was able to submit the grievance, returned it

1

to him unopened. In their reply brief, defendants do not deny that, if plaintiff's allegations are true, I could not dismiss this case for plaintiff's failure to exhaust his administrative remedies. Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.").

Although defendants point to various reasons why they believe that plaintiff's allegations are not credible, I cannot resolve that issue on a motion for summary judgment. Rather, under Pavey v. Conley, 528 F.3d 494, 496-98 (7th Cir. 2008), I must hold a hearing to resolve these disputes.

Plaintiff is put on notice that, if defendants prove that he fabricated his allegations about prison officials interfering with his exhaustion efforts, he may be subject to sanctions beyond simply dismissal of this case. Because I have sanctioned plaintiff for fabricating allegations in two previous cases, Carter v. Waterman, No. 13-cv-742-bbc (W.D. Wis. Feb. 2, 2016); Carter v. Ashton, No. 14-cv-399-bbc (W.D. Wis. Feb. 2, 2016), I will consider whether it is appropriate to impose a more serious sanction, including a filing bar on new lawsuits. Carr v. Tillery, 591 F.3d 909, 920-21 (7th Cir. 2010); Alexander v. United States, 121 F.3d 312 (7th Cir. 1997); Support Systems International Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995). Both parties should be prepared to discuss this issue at the hearing.

For the sake of completeness, I address plaintiff's alternative argument, which is that he exhausted his administrative remedies by completing the grievance process in September

2013. This argument is a nonstarter because it is well established that a prisoner must "properly take each step within the administrative process, in the place, and *at the time*, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) (emphasis added). See also Woodford v. Ngo, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion demands compliance with an agency's deadlines"). In other words, a prisoner cannot satisfy the requirements of § 1997e(a) by filing an untimely grievance. Thus, if defendants can show that prison officials did not interfere with plaintiff's ability to file a timely grievance, the September 2013 grievance cannot save this case.

Plaintiff attaches a letter dated June 24, 2016 in which he asks grievance examiner "Ms. Perttu" whether a rejected complaint that is reviewed by the warden is "completely exhausted under the Prison Litigation Reform Act." In response, Perttu wrote, "there are no further appeal options once the warden makes his decision." Dkt. #57-1. Perttu did *not* say that plaintiff had complied with § 1997e(a); rather, she observed only that he had no more available administrative appeals.

Even if Perttu *had* given a legal opinion that plaintiff's rejected grievance is sufficient under § 1997e(a), that opinion would have no bearing on this case. Although prison officials can waive the issue of untimeliness by considering a grievance on the merits, Riccardo v. Rausch, 375 F.3d 521, 524 (7th Cir. 2004), that is not what happened in this case. When plaintiff filed his September 2013 grievance, the examiner rejected it as untimely; the warden affirmed that decision in accordance with Wis. Admin. Code § DOC 310.11(6). Under Pozo and Woodford, that is the end of the matter. An examiner's advisory opinion after the

fact would have no legal effect.

ORDER

IT IS ORDERED that

1. An evidentiary hearing will be held on Wednesday, September 28, 2016, at 9:30 a.m., to determine whether plaintiff Tommie Carter exhausted his available administrative remedies as required by 42 U.S.C. § 1997e(a).

2. The clerk of court is directed to issue a writ of habeas corpus ad testificandum for plaintiff to appear at the hearing. Plaintiff should arrive at the courthouse at least thirty minutes before the hearing is scheduled to begin.

Entered this 16th day of August, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge